Dear Mr. Toan:
You have requested our legal opinion on the following question:
 Is a hospital employed Mobile Emergency Medical Technician authorized to perform the procedures delineated in Section 190.140. RSMo. in a hospital emergency room when so directed by a physician or a registered nurse?
Section 190.140, RSMo 1978, reads in its entirety:
 Notwithstanding any other provision of sections 190.100 to 190.195, mobile emergency medical technicians may do any of the following at the scene of the accident in an ambulance or at the emergency room of a licensed hospital:
 (1) Render rescue, first-aid and resuscitation services;
 (2) Perform cardiopulmonary resuscitation and defibrillation in a pulseless, nonbreathing patient;
 (3) During training at the hospital and while caring for patients in the hospital administer parenteral medications under the direct supervision of a physician or a registered nurse; and
 (4) Where voice contact or a telemetered electrocardiogram is monitored by a physician or a registered nurse authorized by a physician, and direct communication is maintained, mobile emergency medical technicians may upon order of such licensed physician or such licensed registered nurse do any of the following:
 (a) Administer intravenous saline or glucose solutions;
 (b) Perform gastric suction by intubation;
(c) Perform endotracheal intubation; and
 (d) Administer parenteral injections of any of the following classes of drugs:
a. Antiarrhythmic agents;
b. Vagolytic agents;
c. Chronotropic agents;
d. Analgesic agents;
e. Alkalinizing agents;
f. Vasopressor agents; and
 g. Other drugs which may be deemed necessary by such ordering physician;
 (5) Deliver emergency medical care to the sick and injured while in the emergency department of a licensed hospital and until care responsibility is assumed by a licensed physician or a licensed registered nurse.
We interpret Section 190.140 to authorize mobile emergency medical technicians to take the actions described in clauses (1) and (2) in a hospital emergency room without supervision or direction from a physician or registered nurse, and to take the actions described in clause (4) in a hospital emergency room when in direct communication with, and ordered to do so, by a physician or a duly authorized registered nurse. We understand clause (5) to mean that mobile emergency medical technicians can render emergency medical care in a hospital emergency room without supervision or direction by a licensed physician or a licensed registered nurse until such time as a physician or registered nurse assumes care responsibility for the patient directly relieving the mobile emergency medical technician of responsibility for attending a patient.
Very truly yours,
 JOHN ASHCROFT Attorney General